ALEJANDRO TORRES GARCÍA, demandante y apelado, *v.* ANA TOLEDO LÓPEZ, demandada y apelante.

*Número:* AC-1999-31        *Resuelto:* 15 de diciembre de 2000

*Alberto De Diego Collar*, abogado de la parte apelante; *Pablo Cabrera Rivera*, abogado de la parte apelada.

— O —

Opinión concurrente emitida por el Juez Asociado Señor Corrada Del Río, a la cual se unen los Jueces Asociados Señores Rebollo López y Hernández Denton.

*Un tribunal que carece de jurisdicción sólo tiene jurisdicción para señalar que no la tiene.*

Reiteramos hoy el principio de que un recurso apelativo de término jurisdiccional tiene que presentarse en su totalidad —incluido un apéndice completo— dentro de dicho término. De lo contrario, al carecer de jurisdicción, los tribunales apelativos no entrarán en los méritos de la controversia.

I

El Sr. Alejandro Torres García incoó demanda en cobro de dinero contra la Sra. Ana Toledo López (en adelante la demandada, aquí apelante). En esencia, el señor Torres García adujo que la demandada le adeudaba una suma en concepto de balances pendientes de pago, debido a la construcción de un edificio y a los cambios de órdenes durante la construcción.

Por otra parte, la demandada contestó y, a su vez, reconvino. En esencia, alegó que el edificio adolecía de vicios de construcción, que se usaron materiales de inferior calidad a lo pactado, que sufrió pérdida de dinero en concepto de rentas dejadas de percibir, y que no era responsable de los cambios de órdenes.

Así las cosas, el Tribunal de Primera Instancia sentenció a la demandada al pago de los balances pendientes. Por otro lado, condenó al señor Torres García a cubrir el costo de las reparaciones necesarias para arreglar unos defectos y para lograr que el edificio cumpliese con los códigos reglamentarios.

Tras varios trámites procesales,(¹) inconforme con dicha sentencia, el 1ro de octubre de 1997, la demandada presentó recurso de apelación ante el Tribunal de Circuito de Apelaciones (en adelante el T.C.A.). Luego de varias prórrogas para someter la exposición estipulada de la prueba y de su presentación, el 16 de abril de 1999, el T.C.A. motu proprio desestimó el recurso presentado por falta de jurisdicción al amparo de la Regla 54.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III,(²) y de la Regla 16(E)(1) del Reglamento del T.C.A., 4 L.P.R.A. Ap. XXII-A.(³) Ello, debido a que no se incluyeron en el apéndice del recurso algunos documentos, a saber: (1) la demanda; (2) la contestación a la demanda; (3) la reconvención, y (4) la contestación a la reconvención.(⁴)

Oportunamente, el 30 de abril de 1999, la demandada sometió una moción de reconsideración. Fundó su conten-

---

(¹) La demandada presentó moción para solicitar determinaciones adicionales de hechos, la cual fue acogida parcialmente. Así también, dentro del término establecido, sometió moción de reconsideración. Posteriormente, dicha moción fue denegada.

(²) La Regla 54.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone lo siguiente:

"(a) Todo escrito de apelación y toda solicitud de *certiorari incluirá un apéndice. Ese apéndice, junto al apéndice del alegato de la parte apelada o recurrida, será el legajo en apelación o certiorari ante el Tribunal de Circuito de Apelaciones, salvo que el tribunal ordene que se prescinda de éste y se eleve el expediente original.*

"(b) Los siguientes documentos formarán parte del apéndice del escrito inicial de apelación o *certiorari*:

"*(1) [l]a demanda y la contestación ....*" (Énfasis suplido.)

(³) La Regla 16(E)(1)(a) del Reglamento del Tribunal del Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, prescribe que el apéndice del escrito de apelación incluirá una copia literal de:

"(a) [l]as alegaciones de las partes, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones ...."

(⁴) La sentencia fue notificada el 21 de abril de 1999.

ción en que otros paneles del T.C.A., ante la misma situación, habían entrado a considerar los méritos de las controversias presentadas.([5]) El 20 de mayo de 1999 el T.C.A. declaró no ha lugar la moción de reconsideración.

Ante esta situación, la demandada recurrió ante nos mediante un recurso de apelación, al amparo de la Regla 18(b)(1) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A.([6]) Adujo como error:

Erró el Panel de Arecibo Utuado del Honorable Tribunal de Circuito de Apelaciones al desestimar con perjuicio la apelación de epígrafe sustentándose en la teoría de que carece de jurisdicción po[rq]ue el apelante no incluyó en su apéndice copia de la demanda y contestación en acorde con la Regla 16(E)(1) de su reglamento cuando otros paneles bajo los mismos hechos han resuelto que dicha deficiencia no es jurisdiccional. Escrito de Apelación, pág. 4.

En síntesis, alegó que la "interpretación desigual del mismo reglamento tiene como resultado la aplicación desigual de casos similares: algunos se desestiman con perjuicio por alegada falta de jurisdicción, mientras que en otros

---

([5]) El Panel del Circuito Regional III de Arecibo y Utuado atendió el recurso desestimado.

([6]) La Regla 18(b)(1) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI–A, dispone:

"(b) *Conflicto entre decisiones previas del Tribunal de Circuito de Apelaciones.*—

"(1) Además de lo requerido en la Regla 17 de este [a]péndice, cuando el apelante plantee en su escrito de apelación la existencia de un conflicto sustancial entre decisiones previas del Tribunal de Circuito de Apelaciones, deberá incorporar a su escrito un resumen de los hechos y de los fundamentos de las decisiones que alega están en conflicto. Además, deberá establecer en forma clara y concisa la semejanza entre el caso apelado y el caso, o los casos, que alega están en conflicto, y especificar en qué consiste el mismo. También deberá incluir en el apéndice de su escrito copia de las decisiones previas del Tribunal de Circuito de Apelaciones que alega están en conflicto." (Énfasis en el original.)

A través de dicha regla, aplicamos lo dispuesto por el Art. 3.002(c) de la Ley de la Judicatura de Puerto Rico de 1994, según enmendada, 4 L.P.R.A. sec. 22i(c), que establece que:

"[e]l Tribunal Supremo o cada una de sus Salas conocerán de los siguientes asuntos:

.      .      .      .      .      .      .      .

"(c) [m]ediante recurso de apelación, cuando se plantee la existencia de un conflicto entre sentencias del Tribunal de Circuito de Apelaciones en casos civiles apelados ante ese tribunal."

se aborda su aspecto sustantivo reconocible y se resuelve en los méritos". Escrito de Apelación, pág. 7. Por lo cual, para acreditar el cumplimiento con los requisitos del recurso de apelación establecidos en la Regla 18 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-A, la demandada presentó varios casos de diferentes paneles del T.C.A., en los cuales el panel correspondiente entró en los méritos a pesar de no incluirse los documentos necesarios. Veamos.

En *Serrano Hernández v. Departamento de Justicia*, KLAN-9800497, el Panel del Circuito Regional VII de Carolina-Fajardo, en vez de desestimar la apelación porque el apelante no incluyó las alegaciones de la demanda, confirmó una sentencia del tribunal de instancia luego de pasar juicio sobre los méritos de la controversia. En la sentencia, el Panel indicó: "[n]o hacemos referencia a las alegaciones de la demanda por razón de que el apelante no las incluyó en el Apéndice, según lo requiere la Regla 16(E)(1)(a) del Reglamento, supra". (Escolio omitido.) Escrito de Apelación, Apéndice, pág. 134. Sobre el particular, en el escolio omitido, el Panel expresó:

> Entendemos que se trata de un incumplimiento craso de un requisito importante del proceso y que[,] por lo tanto[,] podría considerarse como razón suficiente para desestimar el recurso conforme a la Regla 83 del Reglamento, supra. *No obstante, atendida la naturaleza del asunto preferimos abordar su aspecto sustantivo reconocible.* (Énfasis suplido.) Escrito de Apelación, *supra*, esc. 2.

Mientras que en *Rivera Román v. Industrias Avícolas*, KLAN-9700471, el Panel del Circuito Regional V de Ponce-Aibonito, en el escolio núm. 1, expresó:

> La querellada no presentó en el apéndice de su recurso la querella incoada en su contra ni su contestación a la misma, omisión que constituye incumplimiento con la Regla 16 E (1) del Reglamento de este Foro en vigor desde el 1 de mayo de 1996. *Debido a dicho incumplimiento, debemos aceptar la percepción del tribunal en cuanto a los términos en que fue redac-*

*tada la querella y la contestación.* (Énfasis nuestro.) Escrito de Apelación, *supra*, pág. 140 esc. 1.

Por otra parte, el Panel del Circuito Regional II de Bayamón, en *Ramos Sierra v. Municipio de Guaynabo*, KLAN-9800910, resolvió los méritos de la controversia sin tomar en consideración que los apelantes habían incumplido con el reglamento. No obstante, en el último párrafo de la sentencia, justo antes de la parte dispositiva, el Panel manifestó:

> ... y como una coletilla, no podemos dejar de mencionar la obligación impuesta a los apelantes por la Regla 16(E)(1) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII–A, R. 16 (Supl. 1998), en el sentido de que se debe incluir copia de todas las alegaciones responsivas en el apéndice del escrito de apelación. En el caso de autos, *no se incluyó como parte del apéndice copia de las contestaciones a la demanda presentadas por el Comisionado y el Municipio.* (Énfasis suplido.) Escrito de Apelación, *supra*, pág. 157.

Además, la demandada incluyó varios casos, también resueltos por el T.C.A., en los cuales se obviaron requisitos similares. Sin embargo, dichos casos, con excepción de uno, llegaron a la consideración del T.C.A. mediante recurso de *certiorari.*[7]

El 27 de agosto de 1999 acogimos el presente recurso de apelación. Por lo que, con el beneficio de la comparecencia de las partes, estamos en posición de resolver.

---

[7] Cabe señalar que el caso *Capó Bristol y otros v. Torres Santiago y otros*, KLAN-9801388, advertido por la demandada, fue desestimado originalmente mediante resolución por: (1) no surgir del escrito de apelación el envío de la notificación al abogado de la parte opositora; (2) no incluir la contestación a la demanda, y (3) no hacer el señalamiento breve y conciso de los errores alegados.

Así las cosas, la abogada del apelante presentó reconsideración aduciendo, entre otras cosas, que el término era de cumplimiento estricto y que, por inadvertencia, utilizó el Reglamento de 1995. Ante lo cual, el Tribunal de Circuito de Apelaciones (en adelante T.C.A.) acogió la reconsideración y, mediante resolución, dejó sin efecto la resolución anterior y dispuso la reinstalación del recurso.

## II

La controversia ante nos se reduce a lo siguiente: ¿priva de jurisdicción a un tribunal la presentación de un recurso de apelación con un apéndice incompleto?

De entrada, es menester resaltar que nuestro ordenamiento jurídico es uno de carácter rogado. *Rodríguez Cruz v. Padilla Ayala*, 125 D.P.R. 486, 511 (1990). Es decir, las partes que solicitan el remedio tienen que poner a los tribunales en condiciones para resolver las controversias. *Pérez, Ex parte v. Depto. de la Familia*, 147 D.P.R. 556 (1999). Lo antes expresado conlleva "la presentación oportuna de los diferentes recursos de *apelación, certiorari* o revisión". (Énfasis en el original suprimido y énfasis suplido.) *Pérez, Ex parte v. Depto. de la Familia*, supra, pág. 569.[8] Ante lo cual, es esencial que éstos se perfeccionen conforme a la ley y a los correspondientes reglamentos. *Pérez, Ex parte v. Depto. de la Familia*, supra, pág. 569.[9]

Cabe señalar que, contrario a los recursos discrecionales, ante un recurso de apelación, el T.C.A. tiene la obligación de atenderlo y resolverlo en los méritos "de forma fundamentada" siempre y cuando tenga jurisdicción y se cumplan los requisitos para el perfeccionamiento del recurso. *Esquilín v. Alcalde Mun. de Carolina*, 150 D.P.R. 204 (2000); *Soc. de Gananciales v. García Robles*, 142 D.P.R. 241 (1997). Véase, también, *Feliberty v. Soc. de Gananciales*, 147 D.P.R. 834 (1999).

Un recurso de apelación contra una sentencia civil dictada por el Tribunal de Primera Instancia tiene que ser presentado ante el T.C.A. dentro del término *jurisdiccional*

---

[8] Respecto a un recurso de *certiorari*, en *Maldonado v. Pichardo*, 104 D.P.R. 778, 783 (1976), indicamos que el peticionario no nos había puesto en condiciones de entrar en los méritos ya que "[n]o acompañ[ó] con su petición ni una sola de las alegaciones que tuvo ante sí el tribunal a quo ...".

[9] La Regla 52.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III, preceptúa que "[t]odo procedimiento de apelación, *certiorari* y certificación se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico". (Énfasis en el original.)

de treinta (30) días computados a partir del archivo en autos de copia de la notificación de la sentencia. Regla 53.1(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III; Regla 13(A) del Reglamento del T.C.A., 4 L.P.R.A. Ap. XXII-A. Dicho recurso tiene que venir acompañado de un apéndice. Regla 54.4 de Procedimiento Civil, *supra*; Regla 16(E) del Reglamento del T.C.A., 4 L.P.R.A. Ap. XXII-A.

Referente a la importancia del apéndice en las apelaciones civiles, recientemente señalamos que "el Reglamento visualiza el apéndice como la recopilación documental (copia literal), de los escritos acumulados durante el trámite en el Tribunal de Primera Instancia, esto es una copia sustitutiva de los autos originales". *Codesi, Inc. v. Mun. de Canóvanas*, 150 D.P.R. 586, 588 (2000). Por último, expresamos que "[s]u importancia es tal, que mediante éste el Tribunal de Circuito oportunamente adjudica la apelación". Íd., págs. 588–589.

Conforme a la Regla 54.4 de Procedimiento Civil, *supra*, y a la Regla 16(E) del Reglamento del T.C.A., *supra*, dicho apéndice tiene que incluir, entre otras cosas, todas las alegaciones de las partes.[10] Por lo que, para que el T.C.A. pueda cumplir cabalmente con su función adjudicativa, el apéndice en su totalidad —como parte integral del recurso de apelación— tiene que ser presentado dentro del término jurisdiccional de treinta (30) días. *Codesi, Inc. v. Mun. de Canóvanas*, supra. Véase *Mfrs. H. Leasing v. Carib. Tubular Corp.*, 115 D.P.R. 428 (1984).[11]

Ahora bien, a diferencia de un término de cumplimiento estricto, un "término jurisdiccional es *fatal, improrrogable e insubsanable*, rasgos que explican por qué no puede acortarse, como tampoco es susceptible de extenderse". (Énfasis en el original.) *Martínez, Inc. v. Abijoe Realty Corp.*, 151

---

[10] Véase la Regla 5.1 de Procedimiento Civil, 32 L.P.R.A. Ap. III.

[11] Allí, respecto al antiguo recurso de revisión, expresamos que el mismo "sólo estuvo completo al incluirse el apéndice requerido por el Reglamento ...". *Mfrs. H. Leasing v. Carib. Tubular Corp.*, 115 D.P.R. 428, 430 (1984).

D.P.R. 1, 7 (2000).([12]) Los tribunales no pueden ser flexibles en el perfeccionamiento de los recursos si el término es jurisdiccional. *Soc. de Gananciales v. García Robles*, supra, pág. 259. A pesar del principio cardinal de que los tribunales, en lo posible, atiendan los méritos de la controversia, de no completarse el trámite dentro del término jurisdiccional, los tribunales carecen de jurisdicción [sobre la materia] para entrar en los méritos. *Ghigliotti v. A.S.A.*, 149 D.P.R. 902 (1999); *Pueblo en interés menor J.M.R.*, 147 D.P.R. 65 (1998). Véase, también, R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, San Juan, Ed. Michie de P.R., 1997, Sec. 1804, pág. 155.

Por otra parte, un término de cumplimiento estricto puede ser prorrogado. No obstante, los tribunales sólo tienen discreción para extender el plazo si existe y se demuestra justa causa para el incumplimiento. *Córdova v. Larín*, 151 D.P.R. 192 (2000); *Rojas v. Axtmayer Ent., Inc.*, 150 D.P.R. 560 (2000). Sin embargo, ello no implica que un término de cumplimiento estricto sea carta blanca para que deliberada e injustificadamente se incumpla con él.([13])

De lo antes expresado, es claro que uno de los requisitos para que un recurso de apelación se entienda perfeccionado es que tiene que ser presentado dentro del término *jurisdiccional* de treinta (30) días a partir del archivo en autos de copia de la notificación de la sentencia. Dicho recurso de apelación tiene que ser acompañado de un apéndice completo —es decir, que incluya los documentos requeridos por las Reglas de Procedimiento Civil y los reglamentos correspondientes—.

---

([12]) Los términos jurisdiccionales o fatales se denominan así "porque transcurren inexorablemente, no importa las consecuencias procesales que su expiración prorrogue." R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, San Juan, Ed. Michie de P.R., 1997, Sec. 1804, pág. 154.

([13]) Hemos señalado que las reglas concernientes a los recursos que han de presentarse ante los tribunales apelativos "deben observarse rigurosamente" ya que no queda a la voluntad de los abogados el decidir qué reglas seguir y cuándo. *Rojas v. Axtmayer Ent., Inc.*, 150 D.P.R. 560 (2000); *Arriaga v. F.S.E.*, 145 D.P.R. 122 (1998).

De presentarse un recurso de apelación con un apéndice incompleto y no subsanarse dicha falta dentro del término jurisdiccional, el tribunal no tiene jurisdicción sobre la materia por no haberse perfeccionado en tiempo. Un tribunal que carece de jurisdicción sólo tiene jurisdicción para señalar que no la tiene. *Rodríguez v. Syntex P.R., Inc.*, 148 D.P.R. 604 (1999); *Pagán v. Alcalde Mun. de Cataño*, 143 D.P.R. 314 (1997); *González Santos v. Bourns P.R., Inc.*, 125 D.P.R. 48, 63 (1989). Esto es así porque un tribunal no tiene *"discreción para asumir jurisdicción donde no la hay"*. (Énfasis suplido.) *López v. J. Gus Lallande*, 144 D.P.R. 774, 792 (1998). Véanse, también, *Aponte v. Policía de P.R.*, 142 D.P.R. 75 (1996); *Martínez v. Junta de Planificación*, 109 D.P.R. 839, 842 (1980).

La Regla 53.1 de Procedimiento Civil, en su inciso (*l*), 32 L.P.R.A. Ap. III, dispone que un tribunal apelativo puede, motu proprio o a solicitud de parte, desestimar un recurso por cualquiera de las siguientes razones, a saber: (1) que el tribunal apelativo carezca de jurisdicción; (2) que el recurso no se haya perfeccionado conforme a la ley y reglas aplicables; (3) que el recurso no haya "sido proseguido con la debida diligencia[;]" (íd.) o, (4) que el recurso es uno "claramente frívolo" o se haya presentado con el propósito de dilatar los procedimientos.[14]

## III

En el caso ante nos, la demandada reconoce que no incluyó copia de la demanda, así como de la correspondiente contestación, en el apéndice del recurso de apelación. Como agravante de la situación, transcurrió el plazo sin que la demandada subsanara dicho defecto. Ante lo cual, el T.C.A. actuó correctamente al desestimar el recurso ya que al no perfeccionarse el recurso dentro del término *jurisdiccional*,

---

[14] La Regla 83 del Reglamento del T.C.A., 4 L.P.R.A. Ap. XXII-A, contiene un lenguaje similar.

conforme a las Reglas de Procedimiento Civil, y al Reglamento del T.C.A., no tenía jurisdicción para atenderlo. *La presentación de un recurso de apelación tiene que llevarse a cabo dentro del término jurisdiccional. Esto incluye la presentación conjunta de un apéndice con todos los documentos requeridos por las reglas y reglamentos correspondientes. De incumplirse con lo aquí dispuesto, el tribunal carece de jurisdicción, a menos que el apelante subsane el defecto dentro del término jurisdiccional.*

De otra parte, no nos persuade el argumento de la demandada —de que el defecto quedó subsanado al incluir la parte contraria, en el apéndice de su escrito de oposición a la apelación, copia de la contestación a la demanda y reconvención, y al presentar el Informe sobre Conferencia con Antelación a Juicio— ya que corresponde a la parte que solicita la intervención de un tribunal apelativo ponerlo en condiciones de atender las controversias ante sí. El mero hecho de que los documentos necesarios consten en otro escrito no corrige ni restablece la jurisdicción. No se puede dejar el perfeccionamiento de un recurso a la eventualidad de que la parte opositora presente un escrito de oposición, si es que lo presenta.

Ciertamente, entendemos que, debido al volumen significativo de casos presentados, la Secretaria del T.C.A., al velar que los escritos presentados cumplan con las disposiciones reglamentarias, y notificar cualquier inobservancia de éstas —Regla 5(B) del Reglamento del T.C.A., 4 L.P.R.A. Ap. XXII-A—, no advierta algún incumplimiento al momento de la presentación. No obstante, no hay razón justificada para que el T.C.A. note un claro incumplimiento con su propio reglamento, luego de transcurrir más de dieciocho (18) meses y la presentación de varias mociones y la exposición estipulada de la prueba.

Por lo que a pesar de desestimar correctamente el recurso, el T.C.A. actuó con una dejadez, al incurrir en una demora irrazonable y no percatarse del craso incumpli-

miento con su reglamento, contraria a los mejores fines de la justicia. El T.C.A. debió revisar, oportunamente, el recurso presentado, a los fines de velar por su jurisdicción. *Pueblo en interés menor J.M.R.*, supra, pág. 279; *Soc. de Gananciales v. A.F.F.*, 108 D.P.R. 644, 645 (1979). Esto es así ya que, por ser privilegiadas, las cuestiones jurisdiccionales deben ser resueltas "con preferencia a cualesquiera otras". *Arriaga v. F.S.E.*, 145 D.P.R. 122, 127 (1998); *Pagán v. Alcalde Mun. de Cataño*, supra; *Autoridad Sobre Hogares v. Sagastivelza*, 71 D.P.R. 436, 439 (1950).

En vista de lo anterior, concurrimos con la sentencia confirmatoria del dictamen del Tribunal de Circuito de Apelaciones, el cual desestimó el recurso de apelación presentado por la señora Toledo López por carecer de jurisdicción.

— O —

Opinión disidente emitida por la Juez Asociada Señora Naveira de Rodón, a la cual se une el Juez Presidente Señor Andréu García y el Juez Asociado Señor Fuster Berlingeri.

El caso ante nuestra consideración refleja una situación que mina la fe y confianza del Pueblo en nuestro sistema judicial. Al ciudadano promedio le es totalmente incomprensible la actuación del Tribunal de Circuito de Apelaciones (en adelante Tribunal de Circuito). La decisión de dicho tribunal revela cómo las normas procesales paulatinamente han ido transformándose y adquiriendo vida propia sin que haya base alguna que lo justifique. A los tribunales parece que se les ha olvidado que éstas existen sólo para hacer viable la consecución de los derechos sustantivos.

Examinemos los hechos procesales que dieron lugar a la dantesca odisea apelativa atravesada por este caso.

El 20 de junio de 1997, el Tribunal de Primera Instan-

cia, Sala Superior de Arecibo, emitió una sentencia en el caso de autos declarando con lugar la demanda. El 24 de julio de 1997 se archivó en autos copia de la notificación de la sentencia. Inconforme con dicha sentencia, la parte demandada presentó, el 1ro de octubre de 1997, un escrito de apelación ante el Tribunal de Circuito.

Es en este momento donde comienza la odisea. Año y medio más tarde, luego de la presentación de aproximadamente diez (10) mociones por las partes, y que dicho tribunal emitiera unas ocho (8) resoluciones relacionadas con la presentación de la exposición narrativa de la prueba, el Tribunal de Circuito, motu proprio, desestimó el recurso por no haberse perfeccionado dentro del término dispuesto por ley. La falta de perfeccionamiento en tiempo la ocasionó el hecho de que la parte apelante no incluyó en el Apéndice del recurso los siguientes documentos: (a) *la demanda*; (b) *la contestación a la demanda con la reconvención*, y (c) *la contestación a la reconvención*. Regla 54.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III; Regla 16(E) del Reglamento del Tribunal de Circuito de Apelaciones. 4 L.P.R.A. Ap. XXII-A.

Cabe señalar que ninguno de estos documentos era necesario para entender y resolver los planteamientos de error presentados por la parte demandada apelante en su recurso.[1]

De lo antes relatado surge con meridiana claridad que el alegado incumplimiento de la parte demandada apelante, la omisión de tres (3) documentos en el Apéndice, era uno de fácil comprobación. Un simple cotejo del Apéndice hu-

---

[1] Alegó la parte demandada apelante que el tribunal de instancia erró al determinar: que la Sra. Ana Toledo era responsable por los gastos relacionados con la conexión del sistema de sanitaria del edificio en cuestión; no concluir que el contratista incumplió con su obligación contractual y que dicho incumplimiento le causó perdidas económicas y daños emocionales; que los vicios de construcción en las escaleras se pueden reparar sin necesidad de demolerlas; y finalmente que la demandada adeuda al demandante la cantidad de doce mil trescientos sesenta dólares ($12,360) por concepto de cambios de órdenes y no concluir que los materiales y equipos usados por el contratista son de inferior calidad y han causado una depreciación significativa del inmueble, y que el contratista acepta adeudar la suma de $1,404.

biese revelado su falta. No obstante, el Tribunal de Circuito tardó más de año y medio (1 1/2) en percatarse de la omisión, y esto, a pesar de haber tenido el expediente ante su consideración en por lo menos ocho (8) ocasiones, cuando emitió ocho (8) resoluciones sobre la presentación de la exposición narrativa de la prueba. Esta actuación del Tribunal de Circuito ocasionó el que las partes invirtieran tiempo y dinero en la confección y presentación de una exposición narrativa de la prueba estipulada que no sería utilizada. Si a esto le añadimos el hecho de que los documentos omitidos no eran necesarios para entender y resolver los planteamientos de derecho, nos vemos forzados a concluir que no existía razón alguna de peso para exigirlos que no fuese darle un valor inusitado al simple hecho de que las reglas procesales así lo disponen.

Bajo estas circunstancias, el darle valor jurisdiccional a la no presentación dentro del término para apelar de unos documentos que resultan innecesarios para atender la apelación, es una interpretación errónea, injustificada y arbitraria de las reglas procesales. Ello, en contradicción con la norma cardinal de interpretación sobre la reglas procesales establecida en la Regla 1 de Procedimiento Civil, 32 L.P.R.A. Ap. III. Ésta exige que las reglas procesales se interpreten de manera que en todo procedimiento se haga justicia de forma justa, rápida y económica. La actuación del Tribunal de Circuito violenta estos postulados.

Entendemos que las disposiciones que aparecen en las Reglas de Procedimiento Civil y los Reglamentos del Tribunal de Circuito de Apelaciones y del Tribunal Supremo sobre los documentos que deben ser incluidos en el Apéndice de los recursos, *sólo tienen cariz jurisdiccional cuando los documentos omitidos son necesarios para entender y resolver el recurso*. Sólo así se justifica el que su omisión, dentro del término para presentar el recurso, se entienda como una falta de perfeccionamiento en tiempo. Requerir lo innecesario y luego privar a un litigante de su derecho a

858

que un tribunal de mayor jerarquía revise lo que considera una actuación equivocada de un tribunal inferior, va contra la naturaleza misma del debido proceso de ley.

Si a todo lo anterior le añadimos que en el caso de autos el Tribunal de Circuito tardó más de año y medio (1½) en atenderlo, se hace aún más patente la interpretación arbitraria e injusta que se está haciendo de las reglas procesales.

Por las razones antes expuestas, dictaríamos sentencia revocando la dictada por el Tribunal de Circuito, y devolveríamos el caso para que éste atienda la apelación en los méritos.