Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE CAGUAS representado por su Honorable Alcalde, William Miranda Torres<br><br>Apelantes<br><br>v.<br><br>Adquisición en pleno dominio de solar 1,078.59 metros cuadrados de terreno y estructura radicados en Urbanización Mansiones del Golf, Calle Real Madrid #1 de Caguas, PR 00725, RANDIE HERNÁNDEZ DEL VALLE, CLEMA DEVELOPMENT CORP., CENTRO RECAUDACIONES INGRESOS MUNICIPALES (CRIM), ASOCIACIÓN DE RESIDENTES DE CAGUAS REAL Y MANSIONES DEL GOLF, INC., RELIABLE FINANCIAL SERVICES INC., DORAL MORTGAGE, JANE DOE Y JOHN DOE<br><br>Apelados | KLAN202301009 | Apelación procedente del Tribunal de Primera Instancia, Sala de Caguas<br><br>Civil núm.: CG2021CV03096 (704)<br><br>Sobre: Expropiación Forzosa |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio y el juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de enero de 2024.

Como explicaremos en detalle a continuación, concluimos que procede la desestimación del recurso de referencia, por no haberse notificado el mismo a una de las partes del caso dentro del término de cumplimiento estricto correspondiente.

I.

En noviembre de 2021, el Municipio Autónomo de Caguas (el "Municipio") presentó la acción de referencia, sobre expropiación forzosa (la "Demanda"), en contra de Randie Hernández Del Valle,

Clema Development Corp, el Centro de Recaudaciones de Ingresos Municipales (el "CRIM"), la Asociación de Residentes de Caguas Real y Mansiones del Golf, Inc., Reliable Financial Services, Inc., y Doral Mortgage.

En lo pertinente, en febrero de 2022, el CRIM presentó una *Comparecencia Especial para Notificar Contribuciones Adeudadas*. Informó que el inmueble objeto de la Demanda "refleja una deuda contributiva de $103,406.48 a la fecha de la presentación" de la Demanda. El CRIM solicitó al TPI que "emita un cheque" a su favor por dicha cantidad "para cubrir toda la deuda contributiva de la propiedad".

Mientras tanto, el Banco Popular de Puerto Rico (el "Banco") compareció en febrero de 2022. El Banco informó que era el tenedor del pagaré hipotecario en controversia. En abril de 2022, el Banco contestó la Demanda.

Luego de varios otros trámites, el 14 de septiembre de 2023, el TPI notificó una Sentencia (la "Sentencia"), mediante la cual desestimó la Demanda. El TPI concluyó que, "durante el proceso de declaración de estorbo público[,] hubo falta de notificación adecuada". Ante el hecho de que "las partes con interés no fueron notificadas conforme a derecho", concluyó el TPI que no se podía "continuar con el proceso de expropiación".

Inconforme, el 10 de noviembre, el Municipio presentó el recurso que nos ocupa. En esencia, arguyó que erró el TPI al "cuestionar y entrar en los méritos de una determinación … administrativa de declaración de estorbo público, dentro de un recurso de expropiación forzosa …, aun cuando la misma advino final y firme".

El 11 de diciembre, el Banco solicitó la desestimación de la apelación de referencia. Señaló que el recurso no se había notificado a una de las partes (el CRIM). Otro de los co-demandados (el Sr.

Hernández Del Valle) también solicitó la desestimación del recurso por la misma razón expuesta por el Banco.

El 21 de diciembre, el Municipio se opuso a las referidas mociones de desestimación. Aunque el Municipio admitió que no había notificado el recurso al CRIM, arguyó que ello realmente no era necesario porque "en las conclusiones de la sentencia apelada no se identifica ningún derecho perteneciente al [CRIM] que pudiera verse afectado" por la misma. Por tanto, sostuvo que "no era imperativo, ni necesario[,] notificar al [CRIM]". De todas maneras, planteó que el término para notificar la apelación era de cumplimiento estricto, por lo que "su incumplimiento no supone automáticamente la desestimación del recurso". Resolvemos.

II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Para el perfeccionamiento adecuado de un recurso presentado ante el foro apelativo intermedio es necesario la oportuna presentación y la notificación del escrito a las partes apeladas. *Montañez Leduc v. Robinson Santana*, 198 DPR 543 (2017). En tal contexto, la Regla 13(A) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 13(A), establece que el término para presentar el recurso de apelación será dentro "de treinta (30) días contados desde el archivo

en autos de copia de la notificación de la sentencia". Dicho término es de carácter jurisdiccional. *Íd*; véase también la Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(a). Como sabemos, un término jurisdiccional es fatal, improrrogable e insubsanable. *Martínez Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). Por ende, no puede acortarse, ni extenderse. *Torres v. Toledo*, 152 DPR 843, 851 (2000).

Ahora bien, la Regla 13 (B)(1) del Reglamento del Tribunal de Apelaciones establece que la parte apelante deberá notificar a las partes el recurso de apelación y los Apéndices dentro del término dispuesto para la presentación del recurso, siendo éste un término de estricto cumplimiento. A tales efectos, la parte apelante deberá certificar con su firma en el recurso, por sí o por conducto de su representación legal, la fecha en que se efectuó la notificación. 4 LPRA Ap. XXII-B, R. 13 (B)(1).

Cuando se trata de un término de cumplimiento estricto, los tribunales no están atados al automatismo que conlleva un requisito de carácter jurisdiccional y pueden, por lo tanto, proveer el remedio que estimen pertinente, extendiendo el término según las circunstancias. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). Sin embargo, la justa causa tiene que ser acreditada **con explicaciones concretas y particulares** que permitan al juzgador concluir que hubo una excusa razonable para la tardanza. *Febles v. Romar*, 159 DPR 714, 720 (2003); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92-93 (2013).

Por su parte, la Regla 83 (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 83 (C), permite la desestimación de un recurso de apelación por falta de jurisdicción.

### III.

No hay controversia sobre el hecho de que el Municipio no notificó el recurso al CRIM dentro del término de cumplimiento

estricto correspondiente. Al tratarse de un asunto jurisdiccional, el Banco y el Sr. Hernández pueden traer el mismo ante la consideración de este Tribunal.

Contrario a lo que aduce el Municipio, el CRIM tenía que ser notificado de la apelación, ello porque dicha entidad, al emitirse la Sentencia y al presentarse la apelación, era una parte en la acción de referencia. Por tanto, tenía que ser notificado dentro del término aplicable, salvo que se demostrase justa causa para tal omisión. Véanse, por ejemplo, *González Pagán v. Moret Guevara, supra*; *Piazza Vélez v. Isla del Río*, 158 DPR 440 (2003); *Cárdenas Maxán v Rodríguez*, 119 DPR 642 (1987).

No tiene pertinencia, en este contexto, que, a juicio del Municipio, la Sentencia, o el recurso, en nada afecte los derechos e intereses del CRIM. Lo determinante es que, al presentarse la apelación, el CRIM era parte en la acción de referencia, por lo que tenía que ser notificado oportunamente con copia del recurso. Como el Municipio acepta que ello no ocurrió, y como del récord tampoco surge que dicha parte haya mostrado justa causa para dicha omisión, carecemos de jurisdicción para revisar la Sentencia.

IV.

En virtud de los fundamentos antes esbozados, se desestima el recurso de referencia por falta de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones