Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| RAFAEL CARRASQUILLO MARTÍNEZ<br><br>Demandante - Apelante<br><br>v.<br><br>NORMA ROSALINA LORENZI MESORANA, MARITZA LUISA LORENZI MESORANA, ambas por sí y como componentes de la Sucesión de PEDRO RAMÓN LORENZI MESORANA; Sucesión de ANA NORMA MESORANA BOIX: compuesta por Norma Rosalina, Maritza Luisa, y Pedro Ramón, todos apellidos Lorenzi Mesorana; Sucesión PEDRO ÁNGEL LORENZI ROSSY: compuesta por Norma Rosalina, Maritza Luisa, y Pedro Ramón, todos apellidos Lorenzi Mesorana<br><br>Demandada – Apelada | KLAN202400616 | Apelación procedente del Tribunal de Primera Instancia, Sala de Guaynabo<br><br>Civil Núm.: GB2021CV00237 (101)<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

Por haberse presentado luego de expirado el término jurisdiccional aplicable, procede la desestimación del recurso de referencia. Veamos.

El 29 de abril de 2024, el Tribunal de Primera Instancia ("TPI") notificó una sentencia (la "Sentencia") en el caso de epígrafe.

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLAN202300127).

El 13 de mayo, el Sr. Rafael Carrasquillo Martínez (el "Demandante") solicitó la reconsideración de la Sentencia, lo cual fue denegado por el TPI mediante una Resolución notificada el **21 de mayo** (la "Resolución").

Inconforme, el **24 de junio de 2024**, el Demandante presentó, por derecho propio, el recurso que nos ocupa, mediante el cual solicita que revisemos la Sentencia.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd*. Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003). La presentación tardía de un recurso carece de eficacia y no produce ningún efecto jurídico, pues en ese momento no hay justificación para ejercer nuestra autoridad judicial y acogerlo. *Torres Martínez v. Ghigliotty,* 175 DPR 83 (2008). Cuando un tribunal carece de jurisdicción o autoridad para entender en los méritos las controversias que le han sido planteadas, deberá así declararlo y desestimar el recurso. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 994-995 (2012). Conforme con ello, la Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 83, permite la desestimación de un recurso de apelación o la denegatoria de un auto discrecional por falta de jurisdicción.

La Regla 13(A) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 13(A), establece que el término para presentar el recurso de apelación será dentro "de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia". Dicho término

es de carácter **jurisdiccional**. *Íd.*; véase también la Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(a).

Un término jurisdiccional es fatal, improrrogable e insubsanable. *Martínez Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). Por ello, no tenemos autoridad para acortarlo o extenderlo. *Torres v. Toledo*, 152 DPR 843, 851 (2000).

Ahora bien, el referido término se interrumpe cuando una de las partes oportunamente presenta una moción de reconsideración dentro del término jurisdiccional de quince (15) días establecido en la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 47. En tal caso, el término para recurrir mediante el recurso de apelación comenzará a transcurrir a partir de la notificación de la resolución adjudicando la moción de determinaciones de hechos adicionales y/o de reconsideración. *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989 (2015); *Caro Ortiz v. Cardona Rivera*, 158 DPR 592, 603 (2003); *Castro Martínez v. Sergio Estrada Auto Sales, Inc.*, 149 DPR 213, 221 (1999).

En este caso, el TPI notificó la Sentencia el 29 de abril. Oportunamente, el 13 de mayo, el Demandante presentó una moción de reconsideración, la cual fue denegada mediante una Resolución notificada el **21 de mayo.**

Por tanto, el término para apelar la Sentencia comenzó a transcurrir el 21 de mayo y, así, el Demandante tenía hasta el **20 de junio** (jueves) para presentar y notificar una apelación.

Sin embargo, el Demandante presentó la apelación que nos ocupa el **24 de junio** (lunes); es decir, dos días laborables luego de expirado el correspondiente término jurisdiccional. En consecuencia, carecemos de jurisdicción para atender el recurso instado.

II.

Por los fundamentos antes expuestos, desestimamos, por falta de jurisdicción, el recurso de apelación de referencia.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones