Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO Y FIRSTBANK DE PUERTO RICO<br><br>Demandante - Apelante<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO POR CONDUCTO DEL HONORABLE SECRETARIO DE JUSTICIA, DOMINGO EMMANUELLI HERNÁNDEZ<br><br>Demandada – Apelada | TA2026AP00404 | Apelación procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Civil núm.: CA2023CV02547 (401)<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2026

El Tribunal de Primera Instancia ("TPI") desestimó, por la vía sumaria, una acción civil sobre impugnación de confiscación presentada por un banco. Según se explica en detalle a continuación, por haberse presentado el recurso de apelación luego de expirado el término jurisdiccional aplicable (60 días), procede su desestimación por ausencia de jurisdicción.

I.

Mediante una Sentencia notificada el 12 de enero de 2026 (la "Sentencia"), el TPI desestimó la acción de referencia "en su totalidad y con perjuicio, por falta de legitimación activa".

El 27 de enero, una de las partes demandantes (Firstbank de Puerto Rico, o el "Banco") solicitó al TPI la reconsideración de la Sentencia.

Mediante una Orden notificada el **19 de febrero** (la "Orden"), el TPI denegó la referida moción de reconsideración.

El **21 de abril** (martes), el Banco presentó el recurso de apelación que nos ocupa.

El 23 de abril, le ordenamos al Banco mostrar causa por la cual no debíamos desestimar el recurso por haberse presentado 61 días luego de notificada la Orden.

Oportunamente, el Banco compareció. Aceptó que presentó el recurso "un (1) día después del término jurisdiccional de sesenta días ...", pues el mismo venció el 20 de abril (lunes). El Banco expuso que, al calcular el término, se "confundió" por el hecho de que el mes de febrero "solo t[uvo] 28 días" y porque tenía la "creencia equivocada ... de que el 20 de abril de 2026 era un día feriado oficial por la conmemoración del natalicio de José De Diego."

Conforme lo autoriza la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones (el "Reglamento"), resolvemos sin ulterior trámite.

II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

La presentación tardía de un recurso carece de eficacia y no produce ningún efecto jurídico, pues en ese momento no hay justificación para ejercer nuestra autoridad judicial y acogerlo.

*Torres Martínez v. Ghigliotty,* 175 DPR 83 (2008). Cuando un tribunal carece de jurisdicción o autoridad para entender en los méritos las controversias que le han sido planteadas, deberá así declararlo y desestimar el recurso. *Lozada Sánchez et al. v. JCA,* 184 DPR 898, 994-995 (2012). De conformidad, la Regla 83 del Reglamento permite la desestimación de un recurso de apelación o la denegatoria de un auto discrecional por falta de jurisdicción.

La Regla 47 de las de Procedimiento Civil establece un término **jurisdiccional** de quince días para que la parte adversamente afectada por una sentencia del TPI solicite reconsideración de la misma. 32 LPRA Ap. V, R. 47. Para que la moción de reconsideración interrumpa el término para recurrir en alzada, tiene que cumplir con el requisito de particularidad y especificidad que dispone la Regla 47 y el promovente tiene que presentarla y notificarla dentro del término dispuesto para solicitar la reconsideración. *Íd.*

Por su parte, la Regla 13(A) del Reglamento establece que, cuando el Estado Libre Asociado de Puerto Rico es parte, el "término jurisdiccional" para presentar el recurso de apelación será dentro "de sesenta días, contados desde el archivo en autos de una copia de la notificación de la sentencia ...". Dicho término es de carácter **jurisdiccional**. *Íd*; véase también la Regla 52.2(c) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(c). Como es sabido, un término jurisdiccional es fatal, improrrogable e insubsanable. *Martínez Inc. v. Abijoe Realty Corp.,* 151 DPR 1, 7 (2000). Por ello, no puede acortarse, ni extenderse. *Torres v. Toledo,* 152 DPR 843, 851 (2000).

III.

Surge claramente del récord, y así lo admite el Banco, que el recurso de referencia se presentó un día luego de expirado el término jurisdiccional aplicable (60 días). Por tratarse de un término

jurisdiccional, carecemos de autoridad o discreción para excusar el incumplimiento con, o extender, el término para apelar la Sentencia[1].

IV.

Por los fundamentos anteriormente expuestos, se desestima el recurso por ausencia de jurisdicción.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones

---

[1] De todas maneras, son en extremo débiles las razones ofrecidas por el Banco en conexión con su error en el cálculo del término. No puede constituir sorpresa que el mes de febrero tenga 28 días, pues ello es lo que ocurre casi todos los años y, de hecho, si febrero tuviese más días, ello solo hubiese significado que el término habría expirado antes de lo que expiró (aunque igual se hubiese extendido hasta el lunes 20 de abril). Tampoco puede considerarse novedoso que se haya eliminado, como día feriado, el natalicio de José De Diego, pues ello ocurrió hace más de 10 años. Véase Ley 111-2014.