Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| FERNANDO FIGUEROA ALEJANDRO, RENÉ FIGUEROA ALEJANDRO, BLANCA FIGUEROA MÉNDEZ<br><br>Demandantes - Apelados<br><br>v.<br><br>AIXA CATALINA DÁVILA RODRÍGUEZ T/C/C AIXA DÁVILA RODRÍGUEZ<br><br>Demandada - Apelantes | KLAN202300980 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil Núm.: D AC2018-0161<br><br>Sobre: Impugnación de Testamento; Acción de Testamento Inoficioso; Preterición/Nulidad de Institución de Herederos; Apertura de Declaratoria de Herederos; Partición y Liquidación de Comunidad Hereditaria y Solicitud de Órdenes |
| FERNANDO FIGUEROA ALEJANDRO, RENÉ FIGUEROA ALEJANDRO, BLANCA FIGUEROA MÉNDEZ<br><br>Demandantes - Apelantes<br><br>v.<br><br>AIXA CATALINA DÁVILA RODRÍGUEZ T/C/C AIXA DÁVILA RODRÍGUEZ<br><br>Demandados - Apelados | KLAN202300990 | Apelación procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil Núm.: D AC2018-0161<br><br>Sobre: Impugnación de Testamento; Acción de Testamento Inoficioso; Preterición/Nulidad de Institución de Herederos; Apertura de Declaratoria de Herederos; Partición y Liquidación de Comunidad Hereditaria y Solicitud de Órdenes |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de diciembre de 2023.

Luego de un juicio, y en conexión con una acción de división de herencia entre una viuda y los hijos del causante producto de un matrimonio anterior, el Tribunal de Primera Instancia ("TPI")

determinó que el causante pagaba la hipoteca de un inmueble con fondos privativos y que los pagos de hipoteca realizados por la viuda luego del fallecimiento del causante se tomarían como el pago de la renta que esta debía por ocupar un inmueble privativo del causante. Según se explica en detalle a continuación, al no haber reproducido la prueba oral, la viuda no nos colocó en posición de evaluar los errores que plantea se cometieron; en cuanto a la apelación de los hijos, la misma se presentó de forma tardía, por lo cual estamos obligados a desestimarla.

I.

En abril de 2018, Fernando Figueroa Alejandro, René Figueroa Alejandro y Blanca Figueroa Méndez (los "Hijos") presentaron la acción de referencia, sobre impugnación de testamento y división de comunidad hereditaria (la "Demanda"), en contra de la Sa. Aixa Catalina Dávila Rodríguez (la "Viuda"). Alegaron que, entre los bienes que dejó su padre (el Sr. Porfirio Figueroa Ayala, o el "Causante"), se encuentra una propiedad privativa ubicada en la urbanización Villas de Buena Vista, G1 Calle Hera, en Bayamón, valorada en $163,000.00 (el "Inmueble"). Adujeron, además, que el Inmueble se encontraba en posesión de la Viuda. La Viuda contestó la Demanda.

Luego de varios trámites, el TPI anuló un testamento del Causante, abrió la sucesión intestada y, determinó que los herederos del Causante eran los Hijos y la Viuda, en la cuota usufructuaria que dispone la Ley. El juicio en su fondo se celebró el 19 y 20 de julio de 2022; desfiló prueba testimonial y documental.

Mediante una sentencia notificada el 6 de septiembre de 2023 (la "Sentencia"), el TPI adjudicó la Demanda; en la misma, se formularon varias determinaciones de hechos, de las cuales destacamos las siguientes:

3.  El causante contrajo segundas nupcias con Aixa Catalina Dávila Rodríguez y estuvieron casados desde el 28 de febrero de 2006 hasta el 3 de febrero de 2018, fecha de su fallecimiento.

4.  El causante y la demandada no otorgaron capitulaciones matrimoniales, por lo que se estableció una sociedad legal de bienes gananciales como el régimen económico matrimonial.

7.  Previo a su matrimonio con la demandada, el causante era titular de un inmueble localizado en Villas de Buena Vista, GI, Calle Hera, Bayamón, Puerto Rico adquirido durante su primer matrimonio (en adelante "el inmueble"). El inmueble perteneció a la extinta sociedad de gananciales entre el causante y su primera esposa, Doña Ricarda.

9.  El causante residió en el inmueble con la demandada hasta la fecha de su muerte.

11. El mencionado inmueble está gravado por una hipoteca, con un pago mensual de $698.45. **El causante realizaba los pagos de la hipoteca.**

12. Luego del fallecimiento del causante, la demandada ha realizado el pago del préstamo hipotecario.

14. La demandada ha residido en el inmueble desde el fallecimiento del causante hasta el presente sin el pago de renta.

16. El causante también era titular de dos (2) vehículos de motor:

    a.  Honda CR-V LX, año 2004, tablilla FNM812, valorado en $5,000.00; y

    b.  Honda Civic DX VP, año 2009, tablilla HKE139, valorado en $7,500.00.

18. El causante era titular de varias cuentas bancarias. […]

19. El total depositado en las cuentas bancarias es de $9,208.53.

21. Con relación al vehículo Honda CR-V LX del año 2004, la Sra. María del Carmen Díaz, hija de la demandada, declaró durante el juicio que el causante le vendió el vehículo por $3,000.00, los cuales ella estaba pagando a plazos y en efectivo. La testigo declaró que a la fecha del fallecimiento del causante todavía adeudaba

aproximadamente $1,050.00, pero su madre -la demandada- le indicó que se podía llevar el vehículo y ella así lo hizo. Al Tribunal no le mereció credibilidad el testimonio en torno a la venta del vehículo y los pagos en efectivo.

22. La demandada dispuso del vehículo Honda CR-V LX, de manera unilateral, en perjuicio de los demás miembros de la sucesión.

24. La demandada dispuso, de forma unilateral, de las pertenencias personales y recuerdos familiares del causante, sin el conocimiento de los codemandantes. (Citas omitidas).

Como el TPI determinó que el Inmueble fue adquirido antes del matrimonio del Causante con la Viuda, y que su hipoteca se pagaba con dinero privativo del Causante vigente dicho matrimonio, el TPI determinó que la Viuda no era acreedora a crédito alguno por dichos pagos. Además, el TPI concluyó que, como la Viuda reside y mantiene el control del Inmueble desde la muerte del Causante, debía pagar a los Hijos por el uso del mismo; al respecto, el TPI estimó que, como el "pago mensual de la hipoteca es de $698.45, nos parece razonable acreditar los pagos de la hipoteca a la renta que la [Viuda] debió pagar por el uso exclusivo" del Inmueble.

Inconformes, el 21 de septiembre, ambas partes solicitaron la reconsideración de la Sentencia; el TPI denegó las referidas mociones mediante unos dictámenes notificados el **4 de octubre**.

El 3 de noviembre, la Viuda presentó uno de los recursos que nos ocupa (KLAN202300980); formula los siguientes señalamientos de error:

1. Erró el Tribunal de Primera Instancia al no conceder créditos a la Apelante por el pago de la hipoteca que grava el inmueble privativo con dinero ganancial.

2. Erró el Tribunal de Primera Instancia al no conceder créditos a la Apelante por el pago de la hipoteca que grava el inmueble privativo luego del fallecimiento del causante.

Por su parte, el **6 de noviembre** (lunes), los Hijos presentaron el otro recurso que nos ocupa (KLAN202300990); formulan los siguientes señalamientos de error:

1. Erró el TPI al no tomar en consideración que la demandada-apelada entró al matrimonio con el causante teniendo éste bienes privativos (dinero en sus cuentas bancarias) pertenecientes a los herederos de su difunta esposa anterior. Por tanto, en la liquidación de la comunidad hereditaria debe computarse la deuda que tiene el causante con sus herederos codemandantes-apelantes Fernando Figueroa y René Figueroa, hijos de su anterior esposa antes de liquidar la comunidad hereditaria compuesta de los herederos del causante y la demandada-apelada.

2. Erró el TPI al no resolver sobre el perjurio cometido por la demandada-apelada, y sus consecuencias, según fuera señalado por el mismo TPI y recogido en la Minuta de la Vista de PT, Apéndice XXI, pág. 152, primer y segundo párrafo.

3. Erró el TPI y abusó de su discreción al no incluir en la liquidación de los bienes la deuda de la hipoteca, a pesar de contar con prueba producida por la propia parte demandada-apelada donde se desglosaba el balance adeudado de la hipoteca (Apéndice XIX, pág. 127-129). Además, el TPI erró en el cómputo de la liquidación al concluir que los herederos le adjudicaban a la demandada el vehículo Honda Civic DX VP, año 2009, sin solicitar crédito alguno sobre éste.

4. Erró el TPI al adjudicar un usufructo a la demandada-apelada, que por sus actos debe perder dicho derecho; la demandada no custodió bienes de la herencia como buen padre de familia y dispuso de ellos sin autorización de los herederos.

Mediante una Resolución emitida el 9 de noviembre, consolidamos ambos recursos y concedimos un término a las partes para informar si reproducirían la prueba oral desfilada durante el juicio.

El 14 de noviembre, la Viuda nos informó que no reproduciría la prueba oral, pues los errores apuntados "se sostienen por la prueba documental admitida en el juicio e incluida en el apéndice

del escrito, y por los hechos incontrovertibles que se recogieron en la sentencia".

Además, la Viuda solicitó la desestimación de la apelación de los Hijos. Los Hijos se opusieron; aunque admitieron que presentaron el recurso luego de expirado el término jurisdiccional de 30 días, arguyeron que, como consecuencia de la presentación por la Viuda de su apelación, el término de los Hijos de algún modo se había extendido.

Por otra parte, los Hijos presentaron un alegato en oposición a la apelación de la Viuda. Resolvemos.

II.

En cuanto al recurso KLAN202300990, concluimos que carecemos de jurisdicción para considerarlo y, por tanto, procede su desestimación, pues el mismo fue presentado de forma tardía.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación,* 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.,* 158 DPR 345, 355 (2003).

Por su parte, la Regla 13(A) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 13(A), establece que el término para presentar el recurso de apelación será dentro "de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia". Dicho término es de carácter jurisdiccional. *Íd.*; véase también la Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(a). Como es sabido, un término jurisdiccional es fatal, improrrogable e insubsanable. *Martínez Inc. v. Abijoe Realty Corp.,* 151 DPR 1, 7

(2000). Por ello, no puede acortarse, ni extenderse. *Torres v. Toledo,* 152 DPR 843, 851 (2000).

Ahora bien, el referido término se interrumpe cuando una de las partes oportunamente presenta una moción de reconsideración dentro del término jurisdiccional de quince (15) días establecido en la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 47. En tal caso, el término para recurrir mediante el recurso de apelación comenzará a transcurrir a partir de la notificación de la resolución adjudicando la moción de determinaciones de hechos adicionales y/o de reconsideración. *Mun. Rincón v. Velázquez Muñiz y otros,* 192 DPR 989 (2015); *Caro Ortiz v. Cardona Rivera,* 158 DPR 592, 603 (2003); *Castro Martínez v. Sergio Estrada Auto Sales, Inc.,* 149 DPR 213, 221 (1999).

En este caso, el TPI notificó la Sentencia el 6 de septiembre de 2023. El 21 de septiembre, los Hijos y la Viuda presentaron sus respectivas mociones de reconsideración, las cuales fueron denegadas mediante Resoluciones notificadas por el TPI el 4 de octubre.

Por tanto, el término para apelar la Sentencia comenzó a transcurrir el 4 de octubre y, así, ambas partes tenían 30 días, hasta el 3 de noviembre (viernes), para presentar y notificar una apelación. Sin embargo, los Hijos presentaron su apelación el lunes, 6 de noviembre, es decir, luego de expirado el correspondiente término jurisdiccional. Contrario a lo planteado (sin referencia a autoridad alguna) por los Hijos, la presentación de una apelación por la Viuda no tuvo efecto alguno sobre el término de ellos para apelar la Sentencia. En consecuencia, carecemos de jurisdicción para atender el recurso KLAN202300990.

III.

La sociedad legal de bienes gananciales es el régimen económico matrimonial que rige de manera supletoria en ausencia

de capitulaciones matrimoniales válidas. Ésta comienza con la celebración del matrimonio y concluye con su disolución mediante muerte, divorcio o nulidad. *Muñiz Noriega v. Muñoz Bonet*, 177 DPR 967, 978 (2010).

Contraído el matrimonio bajo el régimen de la sociedad legal de gananciales, la gestión que realiza cada cónyuge se hace en beneficio de dicha sociedad y no para beneficio individual. *Íd.* Durante la existencia de la sociedad legal de gananciales, los cónyuges son codueños y coadministradores de la totalidad del patrimonio matrimonial, sin distinción de cuotas. *Montalván v. Rodríguez*, 161 DPR 411, 420 (2004); véase, además, los Artículos 1295-1326 del Código Civil de 1930 y Artículos 488-489 del Código Civil de 2020, 31 LPRA secs. 6911-6912.

En consecuencia, este régimen económico tiene personalidad jurídica distinta a los cónyuges que la componen, pero a su vez, ambos poseen titularidad conjunta sobre el patrimonio ganancial. *Montalván, supra.* Es decir, los bienes que componen el patrimonio matrimonial en la sociedad legal de gananciales pertenecen a ambos cónyuges. *Reyes v. Cantera Ramos Inc.*, 139 DPR 925 (1996).

Según el Artículo 513 del Código Civil, 31 LPRA sec. 6965, son bienes gananciales los adquiridos durante la vigencia del matrimonio a expensas del caudal común, así como los obtenidos por la industria, el sueldo o trabajo de cualquiera de los cónyuges y los frutos, rentas o intereses devengados mientras subsiste la unión, procedentes de bienes comunes o privativos.

Por otro lado, el Artículo 509 del Código Civil, 31 LPRA sec. 6961, establece que son bienes privativos de cada uno de los cónyuges:

> (a) los que le pertenecen desde antes de contraer matrimonio, o desde antes de que la sociedad adquiera vigencia si esta se establece después;

(b) los que adquiere por título gratuito durante la vigencia de la sociedad, sea por donación, por legado o por herencia;

(c) los que adquiere a costa o en sustitución de otros bienes privativos;

(d) los bienes y los derechos patrimoniales inherentes a su persona y los no transmisibles o indisponibles en vida a favor de un tercero;

(e) el resarcimiento por los daños inferidos a su persona o a sus bienes privativos;

(f) las cantidades o los créditos adquiridos antes de la vigencia de la sociedad y pagaderos en cierto número de años, aunque las sumas vencidas se reciban durante la vigencia de esta; y

(g) los adquiridos por el derecho de retracto sobre bienes que le pertenecían antes de estar vigente la sociedad.

Al disolverse el vínculo matrimonial, se extingue la sociedad legal de bienes gananciales y surge una comunidad de bienes. Esta estará compuesta por todos los bienes del haber antes ganancial, y cada participante posee una cuota con el correspondiente derecho a intervenir en la administración de la comunidad post ganancial. Dicha comunidad perdurará hasta que todas las operaciones conducentes a su eventual liquidación concluyan. *Island Holdings v. Sucn, Hernández Ramírez,* 201 DPR 1026 (2019).

IV.

Al ejercer nuestra función revisora, le debemos gran respeto y deferencia a las determinaciones de hechos que hacen los foros de instancia, así como a su apreciación sobre la credibilidad de testigos y el valor de la prueba desfilada. *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 770-772 (2013); *González Hernández v. González Hernández,* 181 DPR 746, 776-777 (2011). Lo anterior responde a que los jueces del TPI están en mejor posición para evaluar la prueba ya que tienen la oportunidad de escuchar a los testigos mientras declaran y de observar su comportamiento. *Íd.*

Es preciso señalar que la norma de deferencia antes descrita no es absoluta y cuando el juzgador de primera instancia haya actuado mediando pasión, perjuicio o parcialidad, o cuando haya incurrido en error manifiesto, podremos intervenir con las determinaciones de hechos emitidas. *Íd.* Para determinar si el TPI cometió un error o incurrió en la conducta antes descrita, debemos analizar la totalidad de la evidencia presentada. *Íd.* De tal manera, será meritoria nuestra intervención "cuando la apreciación de la prueba no represente el balance más racional, justiciero y jurídico de la totalidad de la prueba". *Íd.*

A esos efectos, la Regla 19 de nuestro Reglamento dispone lo siguiente:

> Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba. 4 LPRA Ap. XXII-B, R. 19(A).

En consecuencia, ante la ausencia de la transcripción de prueba oral o cualquier otra prueba que nos coloque en posición de ponderar la prueba presentada ante el juzgador o juzgadora de los hechos, no contaremos con los elementos para descartar la apreciación razonada y fundamentada de la prueba realizada por el foro de primera instancia. *Hernández Maldonado v. Taco Maker,* 181 DPR 281, 289 (2011); *Soto Pino v. Uno Radio Group,* 189 DPR 84, 90 (2013); *Hernández Maldonado, supra.*

V.

Concluimos que no es posible evaluar los errores señalados por la Viuda sin conocer la prueba oral que desfiló en el juicio. Adviértase que ambos señalamientos de la Viuda dependen de la prueba que desfiló; es decir, versan sobre cuál era la procedencia del dinero con el cual se pagaba la hipoteca del Inmueble durante el matrimonio entre el Causante y la Viuda, si hubo un requerimiento

de pago de renta por los Hijos a la Viuda luego del fallecimiento del Causante, y cuál sería el monto razonable de tal renta.

No obstante, a pesar de que le ordenamos a las partes informar si reproducirían la prueba oral, la Viuda consignó que no lo haría, por entender que su recurso se podía adjudicar sin el beneficio de la misma. Sin embargo, por la naturaleza de los errores señalados, sin la oportunidad de examinar la totalidad de la prueba que tuvo ante sí el TPI, no tenemos en este caso los elementos de juicio para evaluar dichos errores o para descartar la apreciación razonada y fundamentada de la prueba realizada por el TPI, razón por la cual no intervendremos con la misma. *Hernández Maldonado*, 181 DPR a las págs. 281, 288-289.

Más aún, de todos los documentos que obran en el expediente, no encontramos prueba alguna que nos permitiría, aun en ausencia de prueba oral, alterar las determinaciones del TPI. Es decir, la Viuda tampoco apuntó a prueba documental específica que pudiese sustentar sus contenciones. Debemos recordar que meras alegaciones no constituyen prueba. *Pacheco v. Estancias*, 160 DPR 409, 431 (2003). En fin, ante la omisión de la Viuda de reproducir la prueba oral desfilada en juicio, y ante la ausencia de apoyo en el récord para sus señalamientos, prevalece la presunción de corrección de la Sentencia.

## VI.

Por los fundamentos antes expuestos, se desestima el recurso KLAN202300990 por haber sido presentado luego de expirado el término jurisdiccional aplicable y, en cuanto al recurso KLAN202300980, se confirma la sentencia apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones