EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Quick Stop, Inc. y otros<br><br>Recurridos<br><br>v.<br><br>Toral Petroleum, LLC y otros<br><br>Peticionarios | Certiorari<br><br>2025 TSPR 16<br><br>215 DPR ___ |

Número del Caso: CC-2024-0748

Fecha: 28 de febrero de 2025

Tribunal de Apelaciones:

    Panel Especial

Representante legal de la parte peticionaria:

    Lcdo. Adrián Díaz Díaz

Materia: Resolución del Tribunal con Voto particular disidente.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| Quick Stop, Inc. y otros<br><br>    Recurridos<br><br>        v.<br><br>Toral Petroleum, LLC y otros<br><br>    Peticionarios | CC-2024-0748 | *Certiorari* |

RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Atendida la petición de *Certiorari* que presentó la parte peticionaria, se provee no ha lugar.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez expediría. El Juez Asociado señor Martínez Torres está conforme y emite las expresiones siguientes a las cuales se unen la Jueza Asociada señora Pabón Charneco, la Jueza Asociada Rivera Pérez y el Juez Asociado señor Candelario López:

> Cumplir con los requisitos de los tribunales nunca es irrelevante, redundante, superfluo ni inoficioso. "De aceptar nosotros esta explicación como justificativa de que no se cumpliera con el claro precepto… [del] Reglamento, estaríamos dejando al arbitrio de los abogados decidir qué disposiciones reglamentarias deben acatarse y cuándo, dependiendo del criterio personal de cada abogado". Matos v. Metropolitan Marble Corp., 140 DPR 122, 124-125 (1975). Los abogados tienen la obligación de seguir el trámite prescrito en las leyes y reglamentos aplicables para el perfeccionamiento de los recursos. Íd., pág. 125.

El Juez Asociado señor Estrella Martínez expediría y emite un Voto particular disidente al cual se unen la

Jueza Presidenta Oronoz Rodríguez y el Juez Asociado señor Colón Pérez. El Juez Asociado señor Colón Pérez expediría y hace constar las expresiones siguientes a las cuales se une la Jueza Presidenta Oronoz Rodríguez:

En el pasado, este Tribunal ha expresado que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos apelativos deben interpretarse "de forma que propicien un sistema de justicia accesible a la ciudadanía; que las controversias se atiendan en los méritos y que se reduzca el número de recursos desestimados por defectos de forma o notificación que no afecten los derechos de las partes". *Isleta, LLC v. Inversiones Isleta Marina, Inc.*, 203 DPR 585, 590 (2019). Véase, además, el Art. 4.004 de la Ley Núm. 201-2003, también conocida como la *Ley de la judicatura del Estado Libre Asociado de Puerto Rico de 2003*, 4 LPRA sec. 24w.

Cónsono con dicho principio, en otras ocasiones, en situaciones algo similares a las que hoy nos ocupan, hemos decidido intervenir, -- en decisiones del foro apelativo intermedio --, ante el supuesto de que una parte apelante ha incumplido con el requisito de notificar la portada del recurso de apelación o una solicitud de *certiorari* al Tribunal de Primera Instancia dentro del término establecido en el reglamento del Tribunal de Apelaciones; a saber, dentro del término de setenta y dos (72) horas siguientes a la presentación del recurso. Lo anterior, por dicha parte entender que la comunicación generada por el Sistema Unificado de Manejo y Administración de Casos (SUMAC) era suficiente para dar por cumplida con esta disposición reglamentaria. A modo de ejemplo, véase, de manera persuasiva, la *Sentencia* dictada por este Alto Foro en la causa CC-2023-0487 – *Sánchez Vega v. Pérez Santiago et al*.

En tales casos, este Tribunal ha enfatizado que dicho término es de cumplimiento estricto, por lo que éste puede ser prorrogado por los tribunales. **Además, hemos sido flexibles en aquellas ocasiones en que el alegado incumplimiento de ninguna forma ha lacerado o afectado los derechos de alguna de las partes en el litigio.**

En suma, debemos tener presente que, a diferencia de la notificación de la totalidad del recurso a las partes, en el caso del foro primario es suficiente con ponerlo en conocimiento sobre la presentación del mismo ante el foro apelativo

intermedio. Ello, a nuestro juicio, puede ocurrir mediante una notificación electrónica automatizada.


Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Quick Stop, Inc., Betsy M. Irizarry Zambrana<br><br>Recurridos<br><br>v.<br><br>Toral Petroleum, LLC<br><br>Peticionario | CC-2024-0748 | Certiorari |

Voto particular disidente emitido por el Juez Asociado Señor ESTRELLA MARTÍNEZ, al cual se unen la Jueza Presidenta ORONOZ RODRÍGUEZ y el Juez Asociado Señor COLÓN PÉREZ.

En San Juan, Puerto Rico, a 28 de febrero de 2025.

Nos encontramos, una vez más, ante la validación sub silentio de una práctica de desestimación de recursos ante el Tribunal de Apelaciones que opera bajo una interpretación restrictiva de un requisito de perfeccionamiento y que resulta, simple y sencillamente, en una injusticia para la parte peticionaria.

En esta ocasión, debimos concluir, en primer lugar, que requerir a una parte que notifique al Tribunal de Primera Instancia sobre la presentación de un recurso ante el foro apelativo intermedio, cuando este último lo hace de forma automática, es redundante. En segundo lugar, y más importante aún, era nuestra responsabilidad determinar que permitir la desestimación de un recurso por incumplir con

ello no se alinea ni con el principio de reducir al mínimo la cantidad de recursos que son desestimados por defectos inconsecuentes, ni con el propósito mismo del requerimiento reglamentario. Me explico.

En este caso, inconforme con la denegación de su solicitud de desestimación ante el Tribunal de Primera Instancia, Toral Petroleum, LLC (Toral) presentó un recurso de certiorari ante el Tribunal de Apelaciones el **20 de junio de 2024**. El **23 de septiembre de 2024**, el foro apelativo intermedio desestimó el recurso por falta de jurisdicción bajo el fundamento de que Toral incumplió con la Regla 33 de su Reglamento, infra, al no notificar al Tribunal de Primera Instancia una copia de la cubierta con el sello de presentación o de la primera página del recurso dentro del término de setenta y dos (72) horas.

En efecto, la Regla 33 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, indica, en lo pertinente a este caso, que:

> Cuando el recurso de certiorari, junto con el arancel correspondiente, sea presentado en la Secretaría del Tribunal de Apelaciones, la parte peticionaria deberá notificar con copia de la cubierta o de la primera página del recurso, debidamente sellada con la fecha y la hora de su presentación, a la Secretaría del tribunal recurrido dentro de las setenta y dos horas siguientes a la presentación de la solicitud. Este término será de cumplimiento estricto.

Ahora bien, Toral admite que no presentó la copia de la cubierta o de la primera página del recurso ante el Tribunal de Primera Instancia. Sin embargo, es imperativo

señalar que, el **21 de junio de 2024**, nótese, al día siguiente de Toral haber instado su recurso apelativo, el sistema electrónico de notificaciones del Tribunal de Apelaciones envió directamente al Tribunal de Primera Instancia un mensaje intitulado "Carta informando presentación de recurso en el Tribunal de Apelaciones", el cual incluyó el contenido que se cita a continuación: "PARA SU CONOCIMIENTO, LE INFORMO QUE EN EL CASO DE REFERENCIA, EL DÍA 20 DE JUNIO DE 2024, SE PRESENTÓ UN RECURSO DE CERTIORARI EN EL TRIBUNAL DE APELACIONES BAJO EL NÚMERO KLCE202400681".[1]

Entiéndase, el Tribunal de Primera Instancia fue informado inmediatamente, y dentro del término de setenta y dos (72) horas, por el propio Tribunal de Apelaciones de que la parte recurrió de su determinación. A mi juicio, es irrelevante que tal acto no fuera ejecutado por Toral o que no tomara la forma de una portada sellada en vez de una notificación electrónica automatizada, pues el efecto es el mismo: el Tribunal de Primera Instancia quedó enterado del acto apelativo de la parte. Al fin y al cabo, es ese, precisa y únicamente, el resultado deseado de una notificación al foro primario.

Contrario a lo que expresa el Tribunal de Apelaciones en su Resolución, ejercer su función revisora sin que Toral presentara la portada o la primera página de su recurso con

---

[1]Entrada núm. 93 en SUMAC, caso MZ2021CV00741.

sello al foro primario no "derrotaría el propósito de la Regla 33", el cual, de hecho, ni siquiera explica, pues tal incumplimiento no "impide la revisión judicial".[2] De nuevo, el Tribunal de Primera Instancia ya estaba notificado -el único propósito de la Regla 33-, y, por ende, no existía barrera alguna para la revisión judicial. Por ello, la conclusión ineludible a la que este Tribunal debió arribar hoy es que no procede desestimar un recurso sin concederle a la parte su derecho de ser oída por una falta que no tuvo efecto práctico alguno sobre el caso, las partes o el Tribunal.

Recordemos que el Art. 4.004 de la Ley de la Judicatura, 4 LPRA sec. 24w, el cual funciona como principio hermenéutico para las reglas internas del Tribunal de Apelaciones, establece que estas:

> tendrán como propósito principal proveer un acceso fácil, económico y efectivo a dicho Tribunal. El reglamento interno del Tribunal de Apelaciones contendrá, sin limitarse a ello, **reglas dirigidas a reducir al mínimo el número de recursos desestimados por defectos de forma o de notificación, reglas que provean oportunidad razonable para la corrección de defectos de forma o de notificación que no afecten los derechos de las partes,** y reglas que permitan la comparecencia efectiva de apelantes por derecho propio y en forma _pauperis_. (Negrillas suplidas).

De tal normativa se desprende diáfanamente que en nuestro ordenamiento debe prevalecer una política de apertura en los tribunales que fomente la atención en los

---

[2]Véase, _Resolución_ del Tribunal de Apelaciones, pág. 7.

méritos de los recursos ante nuestra consideración. Por ello, en más de una ocasión, hemos sido enfáticos en señalar "la necesidad de evitar que la aplicación automática e inflexible de los requisitos reglamentarios prive a un litigante de su derecho de acceso a los tribunales". Álamo Romero v. Adm. Corrección, 175 DPR 314, 322 (2009); Gran Vista I v. Gutiérrez Santiago y otros, 170 DPR 174, 181 (2007).

Asimismo, este Tribunal se ha expresado en un sinnúmero de veces sobre la necesidad de minimizar la cantidad de casos que son desestimados. Ello, pues, "el mecanismo procesal de la desestimación como sanción debe utilizarse como último recurso". Román et als. v. Román et als., 158 DPR 163, 167-168 (2002). Dicho de otro modo, los tribunales deben, antes que cualquier otra cosa, cerciorarse de que el incumplimiento provocó un impedimento real y meritorio para poder resolver el caso en los méritos. "Con este balance en mente, el tribunal apelativo puede y debe usar medidas intermedias menos drásticas dirigidas al trámite y perfeccionamiento diligente de los recursos de apelación". Íd.

A la luz de lo antes discutido, es evidente que denegar la expedición del recurso y permitir que subsista la desestimación del Tribunal de Apelaciones no fomenta el acceso a la justicia, desafía el principio básico de unificación en nuestros tribunales y, peor aún, es absolutamente innecesario a la luz de los grandes avances

tecnológicos que han sido acogidos en el Poder Judicial. Al proceder de esta forma, se soslayó el derecho de la parte a que su caso se vea en los méritos por una falta que en nada afectaba la capacidad del foro apelativo intermedio para constatar su jurisdicción y adentrarse en la controversia, pues, en este caso, el requisito reglamentario meramente exigía la entrega de información que ya estaba en manos del Tribunal.

En consecuencia, me veo forzado a hacer constar que hubiera expedido el recurso ante nuestra consideración con el fin de pautar el alcance del requisito de notificación al Tribunal recurrido cuando los sistemas internos del Poder Judicial ponen en conocimiento a ese foro de la presentación de determinado recurso. Debimos aprovechar esta oportunidad para reconocer y derribar las barreras procesales redundantes, superfluas e inoficiosas que evitan que nuestros ciudadanos y ciudadanas puedan ejercer su derecho a que sus controversias sean resueltas en sus méritos. Por ello no ocurrir de esta forma, disiento.


                              Luis F. Estrella Martínez
                                   Juez Asociado