Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| DESARROLLOS UNIVERSITARIOS, INC.<br><br>Demandante - Apelante<br><br>v.<br><br>UNIVERSIDAD DE PUERTO RICO<br><br>Demandado - Apelado | KLAN202500187 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil núm.: SJ2019CV04400 (508)<br><br>Sobre: Sentencia Declaratoria; Incumplimiento de Contrato; Cobro de Dinero |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de marzo de 2025.

Como explicaremos en detalle a continuación, concluimos que procede la desestimación del recurso de referencia, por no haberse notificado el mismo al Tribunal de Primera Instancia ("TPI") dentro del término de cumplimiento estricto correspondiente.

I.

En el 2019, Desarrollos Universitarios, Inc. (la "Corporación") presentó la acción de referencia, sobre sentencia declaratoria, incumplimiento de contrato y cobro de dinero (la "Demanda"), en contra de la Universidad de Puerto Rico ("UPR"). La UPR presentó una reconvención, sobre sentencia declaratoria y cobro de dinero.

En lo pertinente, mediante una *Sentencia Parcial* notificada el 4 de febrero de 2025 (la "Sentencia"), el TPI, por la vía sumaria, determinó que, a raíz de la expiración, en determinada fecha, del contrato objeto de controversia entre las partes (el "Contrato"), la UPR tenía derecho a recobrar de la Corporación ciertas sumas de dinero pagadas por la UPR luego de la referida fecha. El TPI

concluyó explícitamente que no existía razón para posponer dictar sentencia en cuanto al referido asunto y ordenó la continuación del caso con el fin de dilucidar otras controversias entre las partes.

El 5 de marzo, la Corporación presentó el recurso de referencia, mediante el cual apela la Sentencia.

El 12 de marzo, la UPR solicitó la desestimación del recurso. Arguyó que la Corporación no había cumplido con el requisito de presentar ante el TPI copia sellada de la carátula del recurso, dentro de las 72 horas de presentado el mismo. Señaló que dicho término había expirado durante la tarde del 10 de marzo (lunes).

El 18 de marzo, la Corporación se opuso a la moción de desestimación. Admitió que no había notificado al TPI de la presentación del recurso sino hasta el 13 de marzo (jueves). El representante legal de la Corporación expuso que había justa causa para el retraso porque su secretaria se había enfermado "desde el amanecer del lunes 10 de marzo". Disponemos.

II.

La jurisdicción es la autoridad que tiene el tribunal para atender en los méritos una controversia. *Maldonado v. Junta de Planificación*, 171 DPR 46, 55 (2007). La jurisdicción no se presume y los tribunales no tienen discreción para asumirla donde no la hay. *Íd.* Los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007). Los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado. *Carattini v. Collazo Systems Analysis, Inc.*, 158 DPR 345, 355 (2003).

Para el perfeccionamiento adecuado de un recurso presentado ante el foro apelativo intermedio es necesario la oportuna presentación y la notificación del escrito a las partes apeladas. *Montañez Leduc v. Robinson Santana*, 198 DPR 543 (2017). En tal

contexto, la Regla 13(A) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 13(A), establece que el término para presentar el recurso de apelación será dentro "de treinta (30) días contados desde el archivo en autos de copia de la notificación de la sentencia". Dicho término es de carácter jurisdiccional. *Íd*; véase también la Regla 52.2(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 52.2(a). Como sabemos, un término jurisdiccional es fatal, improrrogable e insubsanable. *Martínez Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). Por ende, no puede acortarse, ni extenderse. *Torres v. Toledo*, 152 DPR 843, 851 (2000).

Ahora bien, la Regla 14(B) del Reglamento del Tribunal de Apelaciones establece que la parte apelante deberá notificar al TPI del recurso de la siguiente forma, dentro del término de cumplimiento estricto de 72 horas:

> (B) De presentarse el original del recurso de apelación en la Secretaría del Tribunal de Apelaciones junto con el arancel correspondiente, la parte apelante deberá notificar la cubierta o primera página del escrito de apelación, debidamente sellada con la fecha y hora de presentación, a la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada, dentro de las setenta y dos horas siguientes a la presentación del escrito de apelación. Este término será de cumplimiento estricto. 4 LPRA Ap. XXII-B, R. 14(B).

Cuando se trata de un término de cumplimiento estricto, los tribunales no están atados al automatismo que conlleva un requisito de carácter jurisdiccional y pueden, por lo tanto, proveer el remedio que estimen pertinente, extendiendo el término según las circunstancias. *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). Sin embargo, la justa causa tiene que ser acreditada **con explicaciones concretas y particulares** que permitan al juzgador concluir que hubo una excusa razonable para la tardanza. *Febles v. Romar*, 159 DPR 714, 720 (2003); *Soto Pino v. Uno Radio Group*, 189 DPR 84, 92-93 (2013).

Por su parte, la Regla 83 (C) de nuestro Reglamento, 4 LPRA Ap. XXII-B R. 83 (C), permite la desestimación de un recurso de apelación por falta de jurisdicción.

III.

No hay controversia sobre el hecho de que la Corporación no notificó el recurso al TPI dentro del término de cumplimiento estricto correspondiente.

Estamos impedidos de concluir que la explicación provista por la Corporación constituye justa causa para la dilación, de más de una semana, en notificar al TPI.  En primer lugar, la responsabilidad de cumplir con dicho requisito recae en el abogado o abogada, por lo que no puede constituir justa causa para omitir cumplir con dicha responsabilidad el que su secretaria se haya enfermado o no esté disponible.  En segundo lugar, tampoco se ha provisto alguna razón por la cual la notificación no se pudo haber hecho el jueves o viernes (6 y 7 de marzo), dado que el recurso se presentó el día 5 de marzo y la secretaria del abogado de la Corporación no se enfermó hasta el lunes 10 de marzo.

Al tomar esta decisión, pesa en nuestro ánimo, en particular, que recientemente, si bien a través de un dictamen que no establece precedente, una mayoría del Tribunal Supremo subrayó la importancia que, a su juicio, tiene el que las partes cumplan oportunamente con la disposición reglamentaria en controversia. Véase *Quick Stop, Inc. v. Toral Petroleum, LLC*, 2025 TSPR 16 (Resolución de 28 de febrero de 2025)[1].

IV.

En virtud de los fundamentos antes esbozados, se desestima el recurso de referencia por falta de jurisdicción.

---

[1] En este caso, no fue hasta el 12 de marzo que se realizó la entrada al expediente del TPI, en SUMAC, de la carta que generó la Secretaría de este Tribunal en torno a la presentación del recurso de referencia.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones